UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TOMMY BROWNER, JR.,            )
                               )
    Plaintiff,              )
                               )
v.                             )    CV423-167
                               )
WARDEN AARON                   )
PINEIRO, *et al.*,             )
                               )
    Defendants.             )

## ORDER

Plaintiff Tommy Browner, Jr. filed this 42 U.S.C. § 1983 case *pro se* and was authorized to proceed *in forma pauperis*. *See* doc. 23 at 1. The Court screened his pleadings, dismissed claims based on alleged failure to follow internal policies and *respondeat superior*, *id.* at 7, approved for service his claims of excessive force and deliberate indifference to serious medical needs, *id.* at 7-10, and afforded him an opportunity to amend his First Amendment retaliation and due process claims, *id.* at 10-14. After he did not respond timely to the opportunity to amend, the Court dismissed the retaliation and due process claims. *See* doc. 28. After an extension, defendants have appeared and answered. *See* doc. 37; *see also* doc. 33. Before Defendants filed their Answer, attorney Ralph S.

Goldberg entered an appearance on Browner's behalf. *See* doc. 36. Because counsel's appearance alters the procedures applicable in this case, *see* doc. 23 at 15-21, the Court enters this Order to clarify the applicable procedures. The Court's prior Order concerning the applicable procedures is, therefore, **VACATED**. Doc. 23, in part.

First, since Defendants have now appeared, they are subject to the provision of Judge Baker's Order concerning assignment of this case to the undersigned. *See* doc. 4 at 2. Since the Defendants had not yet appeared when his Order was entered, they now "must complete, sign, and file [the attached] form within fourteen (14) days of . . . appearance in the case." *Id.* at 2-3 (emphasis omitted). Although Defendants' Motion to extend their deadline to answer might be construed as an "appearance," triggering their fourteen-day deadline, the procedural posture of that Motion was, at best, ambiguous. *See* doc. 33 at 1-2 (noting that, at the time the motion was filed, "Defendants have neither been served nor returned waivers of service."). The Court, therefore, construes the date of their Answer as the operative date to trigger their obligation. Since they filed their Answer on December 28, 2023, they

2

are **DIRECTED** to file their election form, in compliance with Judge Baker's Order, by no later than January 11, 2024.

Since this case was originally filed *pro se*, it would have been exempt from the Federal Rules' standard discovery and scheduling provisions. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv); *see also* Fed. R. Civ. P. 26(f)(1), 16(b)(1). Since counsel has now appeared on Browner's behalf, those exemptions are no longer applicable. To clarify both the applicable procedures and the schedule for further proceedings in this case, the Court will hold a scheduling conference. The parties are **DIRECTED** to confer, as otherwise provided in Rule 26(f), by no later than January 16, 2024. The parties should use Judge Baker's standard Rule 26(f) Report Form, available on the Court's website at https://www.gasd.uscourts.gov/Judge-Baker-Civil-Cases. The parties are **DIRECTED** to submit the completed form by no later than January 16, 2024. The scheduling conference will be held remotely on January 17, 2024, at 1:00 p.m. The parties will receive a separate Notice of

Electronic Filing reflecting the date and time of the conference and an email providing instructions for accessing it.

    **SO ORDERED,** this 3rd day of January, 2024.

                                                    */s/ Christopher L. Ray*
                                                    CHRISTOPHER L. RAY
                                                    UNITED STATES MAGISTRATE JUDGE
                                                    SOUTHERN DISTRICT OF GEORGIA