## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| TOMMY BROWNER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-167 |
| | ) | |
| WARDEN AARON | ) | |
| PINEIRO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Tommy Browner, Jr. originally filed this case *pro se.* *See, e.g.,* doc. 39 at 1. Claims that he was subjected to excessive force were served, Plaintiff's counsel entered his appearance, and Defendants answered. *See id.* Discovery has concluded, *see, e.g.,* doc. 70 at 1, and Defendant Durant, doc. 75, Defendant Zeck, doc. 79, and Defendants Brown, Gibbs, and Glen, doc. 81, have all moved for summary judgment. Plaintiff has responded. Docs. 89, 90 & 91. Defendants Brown, Gibbs, and Glen filed a reply in support of their Motion. Doc. 101. Plaintiff moved to file an affidavit, docs. 94 & 96, and Defendants Brown, Gibbs, and Glen opposed, doc. 102. The Court denied Plaintiff's request. Doc. 103. The summary judgment motions, therefore, appeared ripe for

disposition.   They have now been referred to the undersigned.   *See* docket entry dated Mar. 10, 2026.   However, several months after the Court's Order denying Plaintiff's request for leave to file an affidavit, Plaintiff filed a document that was titled simply "brief."   Doc. 105.   It is that document that requires the Court's attention.

Consistent with its gnomic title, Plaintiff's "brief" immediately launches into a discussion about his interrogatories and defendants' responses.   *See* doc. 105 at 1.   It then discusses Plaintiff's efforts to find a "Mr. Poole," who is the affiant whose affidavit Plaintiff previously tried to submit.   *See id.* at 1-2; *see also* doc. 94 at 3-4.   The "brief" proceeds to offer justification for the timing of the affidavit's submission.   Doc. 105 at 4.   It concludes by stating that "[t]he affidavit should be considered by the Court."   *Id.*   No defendant filed any response to Plaintiff's "brief." *See generally* docket.   The "brief" is extraordinary for a number of reasons.

In an apparent attempt to justify his filing, Plaintiff points to several cases from this Court recognizing that its rules permit parties to file unlimited reply briefs.   *See* doc. 105 at 4.   Although he is correct about the existence of the policy, it certainly does not permit parties to

2

raise novel arguments at will, *see, e.g., Pattee v. Ga. Ports Auth.*, 477 F. Supp. 2d 1272, 1275 (S.D. Ga. 2007) (noting that the court regarded new arguments in reply briefs "suspiciously"), and, even if new *arguments* might be permissible, presenting new *facts* at summary judgment is another matter.   Moreover, even assuming that the affidavit could be submitted as an attachment to a reply brief, Plaintiff has not complied with the Local Rule concerning replies.   *See* S.D. Ga. 7.6 (requiring reply briefs be filed "within fourteen calendar days of service of the opposing party's last brief.").

When Plaintiff first sought to introduce Poole's affidavit, he filed a motion.   *See* doc. 94.   The Court denied that Motion and noted that he could "file a renewed *motion* seeking leave to file Mr. Poole's affidavit." Doc. 103 at 4 (emphasis added).   Thus, Plaintiff originally assumed, and the Court confirmed, that submission of Poole's affidavit, if it were permissible at all, required leave.   Plaintiff's attempt, having been expressly denied leave, to submit the affidavit under a tenuous invocation of the reply-brief policy, has an unfortunate whiff of subterfuge.   Despite the Court's concern, the fact that the "brief" was served upon defendants' counsel, *see* doc. 105 at 6, and not objected to,

3

*see generally* docket, cannot be ignored either.   There is no plausible argument that Defendant Glenn, at least, was not aware of Plaintiff's assertion that Poole's affidavit is directly relevant to his summary judgment motion.   *See* doc. 102 at 2.

Given that Plaintiff's "brief" appears to be an attempt to supplement the summary judgment record, out of time, without leave, but unopposed by Defendants, the Court will not make an immediate determination of the affidavit's admissibility, for summary judgment purposes, or, if it is admissible, what effect its addition has on the pending motions.   The parties will need to make their positions clear. First, the Plaintiff must explain his contention that the affidavit is admissible at this stage in the case.   Based on his somewhat ambiguous references to the "notice" provided by his discovery requests, doc. 105 at 1-2, and to the standard applicable to retroactive extensions of time under Rule 6(b), *id.* at 3, the Court assumes that he seeks some form of an extension.   He must, however, move to supplement his summary judgment response(s) and explain why such supplementation is appropriate.

Accordingly, Plaintiff is **DIRECTED** to move for leave to supplement the summary judgment record by no later than March 25, 2026.   Defendants are **DIRECTED** to respond in opposition, if they indeed oppose Plaintiff's supplementing the record, by no later than April 8, 2026.   To the extent that any defendant does oppose, his response should address whether the failure to respond to the original "brief," doc. 105, waived any objection to the attached affidavit.   Plaintiff is **DIRECTED** to submit any reply by no later than April 22, 2026.   If the Court determines, based upon the parties' arguments, that supplementation of the summary judgment record is appropriate, it may direct renewed or supplemental briefing on the summary judgment motions.   Other than these deadlines, this case is **STAYED** pending the Court's determination of whether Mr. Poole's affidavit may be considered in resolving the pending summary judgment motions.

**SO ORDERED,** this <u>13th</u> day of March, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA